UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA SMITH, | CASE NO. C21-284 RSM |
| Plaintiff, | ORDER |
| v. | |
| LEROY KEITH, et al., | |
| Defendants. | |

On March 4, 2021, Plaintiff Lisa Smith filed a complaint seeking relief for sexual harassment and assaults that she endured as a minor while working for the Federal Aviation Administration ("FAA") in 1984 and 1985. *See generally* Dkt. #1. Plaintiff named as defendants the U.S. Department of Transportation ("USDOT"),[1] U.S. Secretary of Transportation Peter Buttigieg, and Leroy Keith, the FAA employee whose actions form the basis for Plaintiff's lawsuit. *Id.*

This case remains in its infancy. Defendant Keith has appeared through counsel and has filed an answer to Plaintiff's complaint. Dkts. #8 and #15. The U.S. Attorney's Office has

---

[1] The FAA is an operating administration within the USDOT. *About DOT, Who We Are, Administrations*, U.S. DEP'T OF TRANSP., https://www.transportation.gov/administrations (last visited Oct. 31, 2021).

ORDER – 1

1   likewise appeared on behalf of Secretary Buttigieg and the USDOT (the "Federal Defendants").

2   Dkt. #16.  Rather than answer Plaintiff's lawsuit, the Federal Defendants sought dismissal of

3   Plaintiff's claims against them.  Dkt. #20.

4       Plaintiff filed a response to the Federal Defendants' motion to dismiss and did not

5   substantively oppose the motion.  *See* Dkt. #25.  Instead, Plaintiff appears to concede that

6   dismissal of the Federal Defendants is appropriate.  Dkt. #25 at 1.  Concurrent with her response,

7   Plaintiff filed a Motion for Leave to Amend Complaint and to Dismiss Parties.  Dkt. #26.  The

8   amended complaint that Plaintiff attached, struck the Federal Defendants and Plaintiff's federal

9   claims.  Dkt. #27.  Together, these filings seem to evidence Plaintiff's intent to dismiss the

10  Federal Defendants and her federal claims, proceed only against Defendant Keith with state law

11  claims, and have the Court "remand"[2] the case to state court.  Dkt. #25 at 1; Dkt. #26 at 2.

12      The Court addresses the two pending motions as follows.

13  **A. Federal Defendants' Motion to Dismiss**

14      The Federal Defendants sought dismissal on various grounds, including that the Court

15  lacked subject matter jurisdiction, that the Court lacked personal jurisdiction over them, and that

16  Plaintiff's claims failed as a matter of law.  Dkt. #20.  As noted, Plaintiff did not substantively

17  oppose the motion to dismiss.  Dkt. #25.  Instead, Plaintiff sought to amend her complaint to

18  remove the Federal Defendants and her claims against them.  Dkt. #26.  In reply, the Federal

19  Defendants argue Plaintiff's response rendered their motion moot because Plaintiff was free to

20  dismiss them upon notice to the Court because they had not yet answered her complaint or filed

---

[2] Plaintiff does not cite to authority demonstrating that the Court can "remand" this matter to state court.  The case was never removed from state court and was originally filed before this Court.  Dkt. #1.

ORDER – 2

1  a motion for summary judgment. Dkt. #28. They argue, therefore, that Plaintiff's motion seeking

2  leave to file an amended complaint omitting them was adequate notice of her voluntary dismissal.

3        The Court agrees with the Federal Defendants to the extent they argue that Plaintiff could

4  have dismissed them voluntarily without an order of the Court. But the Court does not conclude

5  that Plaintiff has done so. Plaintiff's response and motion convey her intent to abandon her

6  claims against the Federal Defendants. But the Court cannot construe them as notice of voluntary

7  dismissal. Rather, they convey Plaintiff's belief that the Federal Defendants will be dismissed

8  when she files an amended complaint omitting them as parties.[3] Dkt. #26.

9        Questions of Plaintiff's intent aside, she has not substantively opposed the Federal

10 Defendants' motion. The Court accordingly finds the matter conceded and will grant the Federal

11 Defendants' motion to dismiss Plaintiff's claims against them.

12    **B. Plaintiff's Motion for Leave to Amend**

13       Plaintiff's motion "seeks leave to amend and dismiss Pete Buttigieg, U.S. Secretary of

14 Transportation and the Department of Transportation." Dkt. #26 at 1. With her motion, Plaintiff

15 filed a declaration of counsel attaching her proposed amended complaint. Dkt. #27. Plaintiff's

16 proposed complaint does not, however, comply with the Court's local rules. *See* LOCAL RULES

17 W.D. WASH. LCR 15 (the party seeking to amend its complaint "must indicate on the proposed

18 amended pleading how it differs from the pleading that it amends by bracketing or striking

---

[3] Plaintiff has filed a "supplemental reply" that more clearly expresses an intent to dismiss the Federal Defendants. Dkt. #29. But even this supplemental reply confuses Plaintiff's intent as she indicates both that she treated Federal Defendants' motion to dismiss as a motion for summary judgment because it was accompanied by declarations and "stipulates" to the Federal Defendants' position that Plaintiff did not need a court order to dismiss the Federal Defendants. *Id.* at 1. These positions seem contradictory. Regardless, Plaintiff's "supplemental reply" is not procedurally proper. The Court's local rules contemplate a surreply seeking to strike material from a reply and notices of supplemental authority. LOCAL RULES W.D. WASH. LCR 7(g), (n). Plaintiff's supplemental reply is not appropriate under either provision.

ORDER – 3

through the text to be deleted and underlining or highlighting the text to be added"). . Plaintiff's motion is appropriately denied as procedurally improper.[4]

The Court does not agree with the Federal Defendants' argument that Plaintiff's filing of an amended complaint in conjunction with her motion for leave to amend was an amendment "as a matter of course." See Dkt. #32 (citing FED. R. CIV. P. 15(a)(1)(B)). While a party is entitled to "amend its pleading once as a matter of course," the party may do so only if the amended pleading is filed fewer than "21 days after service of a responsive pleading." FED. R. CIV. P. 15(a)(1)(B) (emphasis added). Here, Defendant Keith had already filed a responsive pleading more than 21 days before Plaintiff filed an amended complaint in conjunction with her motion for leave to amend. Plaintiff's proposed amended complaint therefore did not automatically supersede her original complaint, as argued by the Federal Defendants.

The Court also notes Defendant Keith's argument that this matter should proceed in state court as all federal defendants and claims have been dismissed. Dkt. #31 at 2–3. Importantly, Plaintiff does not appear to disagree as she has twice indicated a belief that this matter should be "remanded" to state court. Dkt. #25 at 1; Dkt. #26 at 2. The Court does not address the issue, however, as it is not properly before the Court.

In the end, the Court is left to conclude that the parties vastly complicated a straightforward issue. The parties appear to agree that the Federal Defendants and federal claims should be dismissed and that this matter should proceed in state court. As such, it's entirely unclear why the parties did not present the Court with stipulated motions accomplishing this

---

[4] Plaintiff did subsequently file amended complaints clarifying the changes in the proposed amended complaint. Inextricably, Plaintiff attached the amended complaints to a declaration accompanying her procedurally improper supplemental reply to the Federal Defendants' motion to dismiss. See Dkt. #30. Plaintiff elected not to reply to the two responses to her motion for leave to amend.

ORDER – 4

result. The numerous procedural issues presented by Plaintiff's sloppy approach have been an unnecessary drain on the Court's resources. The Court leaves it for Plaintiff to determine whether she should file an amended complaint, proceed on her existing complaint, or stipulate to dismissal of this action so that she may refile in state court.

Accordingly, and having considered the motions, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that:

1. The Federal Defendants' Motion to Dismiss (Dkt. #20) is GRANTED. All of Plaintiff's claims against the Federal Defendants are dismissed.

2. Plaintiff's Motion for Leave to Amend Complaint and to Dismiss Parties (Dkt. #26) is DENIED without prejudice.

DATED this 2nd day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5