UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEROY KEITH,<br><br>　　　　Defendant. | Case No. C21-284RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

This case comes before the Court on remaining Defendant Leroy Keith's Motion for Summary Judgment. Dkt #34. Plaintiff Lisa Smith has filed an opposition. Dkt. #37. Neither party has requested oral argument. For the following reasons, the Court GRANTS Defendant's Motion and dismisses this case.

## II.  BACKGROUND

The parties generally agree on the facts as alleged in the Complaint. Plaintiff Smith started working for the Federal Aviation Administration ("FAA") in June of 1984, when she was still in high school and only 16 years old. Dkt. #35, Ex. A ("Smith Dep."), 21:4-7. She does not remember who interviewed her. *Id*. at 22:1-2. She met Defendant Smith, an older adult, after she started working there "sometime between June and July 1984." *Id*. at 32:8-9.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

He was working at the FAA and would stop and chat at her desk. She does not remember specifically what the conversation was about the first time it occurred. *Id*. at 32:18-24.

Ms. Smith stated in deposition that she changed her job at the FAA after "a month or two." *Id*. 22:8-13. When asked how her relationship with Mr. Keith progressed beyond him stopping at the desk to chat, she stated "my first recollection of things progressing is when I changed desks. And I remember specifically him coming into my new location that I was at, and he put his hands on my shoulders and started rubbing them…" *Id*. at 33:11-20. Their relationship later became sexual in nature. She does not recall a time when she said to Mr. Keith "no, I don't want to do this;" she does not recall a time when he used physical force to cause the sexual encounter to happen. *Id*. at 42:3-14. She ended the sexual relationship prior to her returning to school in September of 1984.

The instant Complaint was filed on March 4, 2021. Dkt. #1. The FAA, originally named as a Defendant, has been dismissed. Dkt. #33. The Complaint alleges Mr. Keith pressured Ms. Smith into the sexual relationship and "raped her multiple times at his home in Renton." *Id*. at 3. He would "take her shopping at Nordstrom and pick out the clothes he wanted her to wear" and take her out to dinner and to meet his mother. *Id*. After breaking off the relationship, she alleges she was shunned by Mr. Keith and other employees until she left the summer position. *Id*. at 4. She alleges she "never told anyone what happened until she filed an administrative complaint with the [FAA] Office of Civil Rights in 2019." *Id*. She brings causes of action against Mr. Keith for sexual harassment and retaliation under Title VII and the Washington Law Against Discrimination, and for violation of RCW 9A.44 for childhood sexual abuse and battery (as well as violations for the same under common law), and for

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

communicating with a minor for immoral purposes in violation of RCW 9.68A.090 and RCW 9.68A.130.

### III.   DISCUSSION

A. **Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Summary judgment is proper if applying the statute of limitations does not require the resolution of disputed factual issues. *See Aragon v. Federated Dep't Stores, Inc.*, 750 F.2d 1447, 1449 (9th Cir. 1985).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

B. Analysis

As an initial matter, in response to this Motion, Plaintiff voluntarily dismisses her remaining federal causes of action against Mr. Keith for violating her civil rights, *i.e.* the sexual discrimination and retaliation claims. *See* Dkt. #37 at 9. The Court would have dismissed these claims regardless for being filed outside the applicable statute of limitations.

All that remains are the communicating with a minor for immoral purposes and sexual abuse claims. Defendant Keith concedes, for purposes of this Motion, that he engaged in sexual acts with Plaintiff Smith, but argues that they were not criminal at the time and that therefore the statute of limitations for bringing these claims has expired.

Claims for battery and for other personal injury are two years, RCW 4.16.100, or three years, RCW 4.16.080(2). A special statute of limitations for childhood sexual abuse applies under certain circumstances. RCW 4.16.340 states:

> (1) All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within the later of the following periods:
> (a) Within three years of the act alleged to have caused the injury or condition;
> (b) Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or
> (c) Within three years of the time the victim discovered that the act caused the injury for which the claim is brought:
>
> …
>
> (5) As used in this section, "childhood sexual abuse" means any act committed by the defendant against a complainant who was less than eighteen years of age at the time of the act and which act would have been a violation of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the act was committed.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

RCW 9A.44 and 9.68A.040 are criminal laws penalizing various sex offenses. This special statute of limitations applies here only if Mr. Keith's conduct would have violated criminal law at the time it occurred in 1984, not the present day. *See C.J.C. v. Corp. of the Catholic Bishop*, 138 Wn.2d 699, 711-12, 985 P.2d 262 (1999); *see also C.J.C. v. Catholic Bishop*, 88 Wn. App. 70, 74, 943 P.2d 1150 (1997) ("Preliminary, we must decide which criminal statutes the childhood sexual abuse limitation statute utilizes. One amicus argues that "childhood sexual abuse" includes violations of the current version of RCW 9A.44. This interpretation contradicts the statute's plain language…").

Oddly enough, the parties and the Court cannot discuss the laws of 1984 generally. The Court must be far more date-specific because the laws changed right around the time of these sexual acts. A reasonable person lacking deep knowledge of state statutory history would assume that Mr. Keith's workplace sexual advances with a sixteen-year-old violated the criminal statute RCW 9.68A.090, Communication with a Minor for Immoral Purposes. In 1983 this crime was found at RCW 9A.44.110 and applied to minors younger than 17. Dkt. #34 at 14. However, Defendant points out that in early 1984, RCW 9A.44.110 was repealed (*id.* at 18) and the law reenacted as RCW 9.68A.090 with an age change: it only applied to minors younger than 16 (*id.* at 17). This age change went into effect 90 days after the legislature adjourned on March 8, *i.e.*, June 6, 1984. Wash. Const. Art. II, § 41 ("No act, law, or bill subject to referendum shall take effect until ninety days after the adjournment of the session at which it was enacted.").

Plaintiff does not dispute any of this. She disputes the dates when the acts occurred.

Ms. Smith stated in her deposition that she began working for the FAA "in June" and that her position changed after a month or two. After that, her conversations with Defendant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

"progressed" into him rubbing her shoulders.  This is how she characterized the content of their conversation *prior* to that escalation:

> The context of the conversation, I would say I don't remember specifically anything that was discussed outside of the normal course of our background and, you know, who I -- I know he asked me who I was and the program I was in. And I remember being very intimidated because, you know, I knew he was kind of a big deal. His picture was on the wall. And, you know, I remember -- I remember being nervous.

Smith Dep. at 33:3-10.

That her job with the FAA began in June is consistent with the operative Complaint, Dkt. #1 ("In June 1984, Plaintiff started working as a student intern…), and a statement made by Ms. Smith to the FAA's Office of Civil Rights on June 5, 2019, via email, Dkt. #41 at 3 ("I was hired and scheduled to begin after school ended in June.").  However, with her Response to the instant Motion, Ms. Smith has filed a declaration stating that she began her employment in "late May/June 1984" and that Defendant Keith would frequently stop at her desk to talk "[d]uring my first weeks at the FAA."  Dkt. #39 at ¶¶ 2, 6.

"The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  This sham affidavit rule prevents "a party who has been examined at length on deposition" from "rais[ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony," which "would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* (internal quotation marks omitted).  "But the sham affidavit rule should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).  In

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

order to trigger the sham affidavit rule, the district court must make a factual determination that the contradiction is a sham, and the "inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." *Id*.

Although the Court agrees the sham affidavit rule must be applied with caution, because Ms. Smith's recent declaration is changing a dispositive fact in direct response to Defendant's Motion relying on that fact, the Court is convinced that this rule is triggered. The Court makes the factual determination that Ms. Smith made a clear and unambiguous inconsistent statement as to the start date of her employment with the FAA. The Court need not strike the entire declaration, but will not rely on Ms. Smith's declared statement that she began her employment in "late May/June 1984." This statement does not create a genuine dispute as to a material fact.

In any event, there is no evidence in the record that Mr. Keith's initial communications with Ms. Smith—that is, prior to her desk moving one or two months after her June start date—were "communications with a minor for immoral purposes." To the contrary, the only evidence as to the content of these initial conversations comes from Ms. Smith's deposition, where she said they were "of the normal course of our background and, you know… who I was and the program I was in."[1] Even if she had started her job in late May, the existing record does not include any evidence to support a claim of communications for immoral purposes occurring prior to June 6. There is no genuine dispute here, because all of the facts relied on by the Court come from Plaintiff. Accordingly, Ms. Smith has failed to make a "sufficient showing on an

---

[1] Ms. Smith's subsequent declaration, addressed above, adds that "Mr. Keith initially educated me on the FAA, what service each division provided and his role within the department. *After a few weeks*, the conversation turned more intimate with him asking me about my personal and family life along with conversations about school, friends and boyfriends. My parents were divorced and my mom worked a lot for the King County Prosecutor's Office so as a latchkey kid I found his interest in me special and I began to trust him as I knew he held an important role within the department and felt that if he is taking the time to talk to a new high school student employee that maybe I was worthy of the position." Dkt. #39 at ¶ 7 (emphasis added). The Court does not consider it possible for these subsequent communications to have occurred prior to June 6 based on the record.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

essential element of her case with respect to which she has the burden of proof" and summary judgment is warranted as to this claim. *Celotex, supra*.

Ms. Smith's response brief asks the Court to take the facts above in the light most favorable to her and to "infer[] that Defendant Keith's initial communications with Smith were for the purpose of promoting his sexual agenda." Dkt. #37 at 5. On summary judgment, the Court must draw all *reasonable* inferences in favor of the non-moving party. *O'Melveny & Meyers*, *supra*. Based on this record, it would not be reasonable to infer that a man asking Ms. Smith's *name* or telling her about the structure of the FAA were for the purpose of promoting his sexual agenda, or that those words were for the purpose of sexual misconduct (the actual standard cited in the brief). Ms. Smith, by her own words, clearly distinguishes the bland innocence of their initial interactions with what occurred after a month in the office. This is not the case where he says one thing and she says another.

Of course, the allegations of what occurred *after* June 6 go far beyond communications with a minor for immoral purposes. Mr. Keith's subsequent sexual intercourse with a 16-year-old would clearly be criminal if it were to occur today. The Complaint cites RCW 9A.44. In 1984, RCW 9A.44 listed three degrees of rape, all of which required evidence of forcible compulsion or lack of consent. *See* Dkt. #34 at 13–14 (RCW 9A.44.040, .050, and .060 (1983)). Third-degree statutory rape criminalized sexual intercourse with a person younger than 16. *Id.* at 14 (RCW 9A.44.090(1) (1983)). Defendant Keith argues "[b]ecause in 1984 neither RCW 9A.44 nor RCW 9.68A criminalized consensual sexual intercourse between an adult and a person 16 years old, any such act would not have constituted 'childhood sexual abuse' for purposes of RCW 4.16.340." *Id.* at 6. Ms. Smith does not substantively contest this, and the Court, somewhat reluctantly, agrees that it is a valid defense. The deposition record clearly

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

indicates that Ms. Smith is not claiming forcible compulsion or lack of consent. Accordingly, Ms. Smith has failed to make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" and summary judgment is warranted as to this claim. *Celotex, supra*.

The Court notes that, although the Complaint does not directly plead a violation of RCW 9A.44.093, Sexual Misconduct with a Minor, Ms. Smith argues in her response brief that Defendant Keith violated that statute. In Reply, Mr. Keith points out that RCW 9A.44.093 did not exist in 1984 and was enacted in 1988. Dkt. #40 at 7. The Court agrees and finds no basis to allow such a claim to proceed.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Leroy Keith's Motion for Summary Judgment, Dkt #34, is GRANTED. Plaintiff's remaining claims are DISMISSED. This case is CLOSED.

DATED this 6th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE